(C.D. 2191)

SOKOL & CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided July 8, 1960)

*John D. Rode* (*Ellsworth F. Qualey* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Murray Skarloff*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

DONLON, Judge: The merchandise of this suit is described as beetroot powder, the product of Holland. The stipulated facts are that beets (the red, bulbous root of the beet vegetable) are sorted and washed, foreign matter is removed, thereafter the beets are reduced to powder by grinding, and the ground beets are packaged in hermetically sealed tins in which the merchandise is imported into the United States. It is a product of vegetable origin. It contains no alcohol. The powder has the red color characteristic of the matured beet. The powder is used for coloring "as a coloring agent in salad dressings, spaghetti sauce, tomato sauce, chili con carne, and other sauces and food dressings." (R. 3, 4.)

In order to obviate confusion, it may be observed that in Great Britain the vegetable roots, which we commonly call beets, are called beetroot. This terminology usually prevails also where it is English, not American, that is spoken whenever resort is to an English language expression. Beetroot powder is, quite simply, powdered beets.

The merchandise was entered under paragraph 775 (one of the vegetable paragraphs), with duty at 17½ per centum ad valorem. The collector liquidated the merchandise as it was entered. Thereafter, plaintiff timely protested the collector's liquidation, claiming classification either under modified paragraph 39 (duty at 7½ per centum) or under modified paragraph 38 (duty also at 7½ per centum).

By motion, plaintiff sought and was granted a protest amendment including a third claim, namely, that the merchandise is duty free under paragraph 1670.

Plaintiff abandoned its claim under paragraph 39.

Following precedent, we hold that paragraph 38 has to do with extracts for dyeing and tanning, including coloring. It appears that beetroot powder is not an extract. Indeed, plaintiff's brief all but abandons the paragraph 38 claim. The argument leans chiefly on the paragraph 1670 claim "even assuming," as the brief puts it,

that this merchandise may be provided for in both paragraph 38 and paragraph 1670. We are of opinion that this beetroot powder is not classifiable under paragraph 38.

The claims under paragraphs 38 and 39 are overruled.

This brings the issue down to competition between paragraph 775 and paragraph 1670 of the Tariff Act of 1930. These paragraphs are as follows:

Paragraph 775, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, T.D. 53865, supplemented by T.D. 53877:

Vegetables (including horseradish), if cut, sliced, or otherwise reduced in size, or if reduced to flour, or if parched or roasted, or if packed in oil, or prepared or preserved in any other way and not specially provided for (except dehydrated garlic and dehydrated onions, in any form, and not including vegetables pickled, or packed in salt or in brine) _____ 17½% ad val.

Paragraph 1670, Tariff Act of 1930:

Dyeing or tanning materials: Fustic wood, hemlock bark, logwood, mangrove bark, oak bark, quebracho wood, wattle bark, divi-divi, myrobalans fruit, sumac, valonia, nutgalls or gall nuts, and all articles of vegetable origin used for dyeing, coloring, staining, or tanning, all the foregoing, whether crude or advanced in value or condition by shredding, grinding, chipping, crushing, or any similar process; all the foregoing not containing alcohol and not specially provided for.

This merchandise was entered November 10, 1955. Hence, the amendment to paragraph 1670 (71 Stat. 516), effective September 29, 1957, has no application to the problem here.

These powdered beets are provided for under paragraph 775. They are vegetables "reduced in size," within the decisions construing paragraph 775. The question is, are they more specifically provided for under paragraph 1670, as plaintiff contends.

It should be noted that the competing use provision of paragraph 1670 has been limited, by Congress, to articles not specially provided for.

In a recent decision, with opinion written by Chief Judge Johnson, our appeals court stated the rule applicable to such competition.

* * * A well settled rule of specificity is that a use provision prevails over a descriptive or *eo nomine* provision, *United States* v. *Snow's United States Sample Express Co., supra,* unless there is a clearly expressed congressional intent to the contrary. *United States* v. *Pfaltz & Bauer (Inc.), et al.,* 16 Ct. Cust. Appls. 358, T.D. 43091; *United States* v. *John H. Faunce (Inc.) et al.,* 21 C.C.P.A. (Customs) 80, T.D. 46395.

This rule, however, cannot be applied to the instant situation. The narrow issue confronting this court is not whether a use provision should prevail over a descriptive provision, but whether a use provision *qualified by a not specially provided for clause* should prevail over a competing descriptive designation.

It has been repeatedly held by this court that, subject to clearly shown contrary legislative intent, a "not specially provided for" clause in a use provision

excludes therefrom articles enumerated elsewhere by descriptive or *eo nomine* designation. * * *

\*    \*    \*    \*    \*    \*    \*

In the light of the principles above, the analysis of this case is relatively simple and uninvolved. On the one hand we have a use provision qualified by a "not specially provided for" clause. On the other hand we have a descriptive provision. The descriptive provision prevails unless it describes the merchandise in such vague and general terms that it cannot be held to specially provide for such goods. [*United States* v. *Lansen-Naeve Corp.*, 44 C.C.P.A. (Customs) 31. C.A.D. 632, pp. 33, 34.] [Italics quoted.]

Here, too, we have on the one hand a use provision qualified by a "not specially provided for" clause (paragraph 1670); and on the other hand we have a descriptive provision (paragraph 775). As Chief Judge Johnson stated, in such circumstances, the descriptive provision will prevail unless beetroot powder is described in paragraph 775 in such vague and general terms that the paragraph cannot be held to specially provide for beetroot powder.

It is our task to ascertain and apply the intention of Congress to the facts of record.

In ascertaining the intention of Congress, the context in which paragraph 775 was placed guides us in deciding whether Congress described beetroot powder in that paragraph.

There is a series of vegetable paragraphs in the Tariff Act of 1930, commencing with paragraph 765. For the most part, these are paragraphs in which Congress has enumerated *eo nomine* the vegetables thus provided for. For example, in paragraph 765, it is beans; in paragraph 766, it is sugar beets; in paragraph 767, it is lentils; in paragraph 768, mushrooms; in paragraph 769, peas and chickpeas; in paragraph 770, onions; in paragraph 771, potatoes; in paragraph 772, tomatoes; and in paragraph 773, turnips. In paragraph 774, there is provision for *vegetables in their natural state*, including *eo nomine* such vegetables as peppers, eggplant, cucumbers, squash, celery, lettuce, cabbage, crude horseradish, and *all other* not specially provided for.

The next tariff provision, paragraph 775, with which we are now concerned, follows in the tariff act the provision in paragraph 774 for vegetables in their natural state. Paragraph 775 is for vegetables *not* in their natural state. The several processes Congress had in mind by which vegetables might be changed from their natural state, so as to come within the purview of paragraph 775, are *described*. The process by which these beets were changed from their natural state is one of the described processes. These beets were reduced in size. They may also be said to be reduced to flour, although such finding is not necessary to our decision.

We are of opinion that beetroot powder is a vegetable described in paragraph 775.

Plaintiff argues that our appeals court, in *United States* v. *Schoen-feld & Sons, Inc.*, 44 C.C.P.A. (Customs) 179, C.A.D. 657, left the door open for a decision that a powdered vegetable, even though *described* in paragraph 775, is not to be classified under that paragraph when its use is not as a vegetable. Citing the *Schoenfeld* case, *supra*, plaintiff argues that the decision in that case rested on proofs that the uses of the merchandise (onion powder and garlic powder) were basically not different from the uses of onions and garlic as vegetables; that the use of beetroot powder is "a materially different use" from the use of the fresh vegetable beet; and that, under the *Schoenfeld* decision, beetroot powder should not be classified under paragraph 775 (plaintiff's brief, pp. 3, 4) and, by inference at least, that this is so notwithstanding the fact that beetroot powder is *described* in paragraph 775, within the rule our appeals court laid down in the *Lansen-Naeve* case, *supra*.

In the *Schoenfeld* case, powdered onions and powdered garlic were held dutiable under paragraph 775, as vegetables reduced in size or reduced to flour, rather than as spices, not specially provided for. Because of the distinction that plaintiff urges, it is advisable to review the circumstances of that decision.

The same issue had been before our appeals court previously. On prior trial of the issue, onion powder was held by this court to be dutiable as vegetables under paragraph 775. *Charles T. Wilson Company, Inc.* v. *United States*, 22 Cust. Ct. 73, C.D. 1163. On appeal, our decision was reversed and the appeals court held the onion powder dutiable under the spice provision. *Charles T. Wilson Co., Inc.* v. *United States*, 38 C.C.P.A. (Customs) 19, C.A.D. 433.

When the *Schoenfeld* case came before this court on retrial of the issue, we followed the *Wilson* decision of our appeals court and held the onion powder and garlic powder dutiable as spices. *Schoenfeld & Sons, Inc.* v. *United States*, 36 Cust. Ct. 188, C.D. 1773. On appeal, this decision was reversed, our appeals court there holding that onion powder "apparently identical" with that of the *Wilson* case was dutiable, not as a spice as there held, but as a vegetable under paragraph 775. *United States* v. *Schoenfeld & Sons, Inc.*, *supra*.

The *rationale* of the *Schoenfeld* decision appears to be that when onion powder and garlic powder are used *in foods*, they are used to flavor foods just as raw onions and raw garlic are used. The court held that the vegetables, onions and garlic, although changed in form, retained their flavor and were "not used for purposes for which the original vegetable was not used * * *." Hence, the court held there was "no sufficient reason for regarding it as other than a vegetable." *United States* v. *Schoenfeld*, *supra*, at page 182.

The evidence here is that beetroot powder is used in foods. It has a culinary use, as vegetables have. It has the characteristic red color

of the beet, as we know it. It imparts that color to the foods with which it is used, as the beets themselves do.

Did Congress intend a tariff distinction between vegetables used to flavor foods and those used to color foods? Presumably both flavoring and coloring are designed to make foods more attractive and palatable. Both flavoring and coloring agents, used in foods, are eaten. We are cited to nothing indicating such a distinction in the congressional intentions as that for which plaintiff argues.

Our appeals court has held that a ground vegetable is described in paragraph 775 and that, when the ground vegetable is used to flavor foods, the descriptive provision as a ground vegetable will prevail over another *eo nomine* or descriptive provision. *A fortiori*, under the rule laid down in the *Lansen-Naeve* case, *supra*, the descriptive provision of paragraph 775, on the facts here of record, prevails over the not specially provided for use provision of paragraph 1670.

The protest claims are overruled.

Judgment for defendant.